```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUKE MATTHEWS,

                             Petitioner,

        -against-

JAMES CONWAY, Superintendent Attica
Correctional Facility,

                             Respondent.
------------------------------------------------------------x

05 Civ. 4599 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

      Petitioner Luke Matthews brings this action pursuant to 22 U.S.C. § 2254. This Court referred the matter to Magistrate Judge Debra Freeman, who, on September 11, 2008, issued an order directing petitioner to show cause to why the action should not be dismissed as time-barred in light of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

      On October 8, 2008,[1] petitioner responded to that order by submitting a "Traverse in Reply." The "traverse" was not received by this Court until November 5, 2008, and in the interim, Magistrate Judge Freeman had issued a Report and Recommendation summarizing the findings underlying her September 11 order and recommending the petition be dismissed as untimely.

      This Court, by order dated January 6, 2009, determined that it would consider petitioner's "traverse" as his objection to Magistrate Judge Freeman's Report and

---

[1] The filing date of a pro se prisoner's papers is determined by the "prison mailbox rule," which provides that the prisoner's papers are deemed properly filed when submitted to prison officials for forwarding to the court. See Fernandez v. Artuz, 402 F.3d 111, 114-15 (2d Cir. 2005).

Recommendation and directed respondent to reply to the traverse, which it did by letter dated January 15, 2009. Therefore, the question of the timeliness of Matthews petition is ripe for adjudication.

After de novo review of the Report and Recommendation and petitioner's objections, see 28 U.S.C. § 636(b)(1)(C), the Court concludes the petition is untimely and accordingly adopts Magistrate Judge Freeman's recommendation. Petitioner's sole objection—that prison unrest caused a lock down that prevented him from accessing the library for a period of two weeks—is unavailing.

Matthews' traverse, read liberally, contends that he should be entitled to have the statute of limitations tolled to account for his inability to work on his appeal. In "rare and exceptional circumstances," a petitioner may invoke the court's power to equitably toll AEDPA's statute of limitations period. Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). To qualify, a "petitioner must show extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll." Id. (quotations and citation omitted).

Defendant makes no such showing here. As a general rule, "the difficulties attendant in prison life such as . . . lockdowns . . . do not by themselves qualify as extraordinary circumstances." Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); see also Tamayo v. United States, 2008 U.S. Dist. LEXIS 11565, at *8 n. 18 (S.D.N.Y. Feb. 13, 2008) (same) (collecting cases). While courts have occasionally found exceptions to that rule where prison officials acted intentionally and improperly in denying petitioner access to legal materials, Matthews makes no such argument in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Magistrate Judge Freeman's Report and Recommendation is adopted;

2. The petition is dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1);

3. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007); and

4. Pursuant to 28 U.S.C. § 1915(a) the Court certifies that any appeal from this Order would not be taken in good faith.

Dated: New York, New York
February 17, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.